# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL MELVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:11-0275 |
| ) | Jury Demand |
| A.C.E. MACHINE & METAL, ) | JUDGE TRAUGER |
| FABRICATION COMPANY, INC. ) | |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq*.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF:

The Plaintiff was hired by Defendant A.C.E. on or about August 2004. The Plaintiff sustained an on-the-job injury to his right shoulder and right arm on or about June 1, 2007. The Plaintiff received authorized medical treatment benefits with Dr. Damon Petty for his right shoulder and right arm under workers' compensation insurance. On March 10, 2009, Plaintiff reached maximum medical improvement for his on-the-job injury. On or about March 11, 2009, the Plaintiff asked Defendant where and when he should report to work. Defendant did not respond to Plaintiff's inquiry about returning to work. On or about March 17, 2009, the Plaintiff reported to work with paperwork provided by Dr. Petty stating the Plaintiff's medical condition and availability to work at that time. The Plaintiff was informed by the office secretary that there was no work for him and

that he had voluntarily abandoned his job. Prior to his work-related injury, the Plaintiff enjoyed a positive work environment but after his work accident he has been treated poorly by the Defendant. Beginning on June 1, 2007, and continuing through his discharge on May 31, 2009, the Plaintiff was subjected to harassment by the Defendant's agents, employees and/or representative for either pursuing workers compensation benefits, or in the alternative for having a disability. The Plaintiff asserts that he was treated poorly by the Defendant as a result of pursuing workers' compensation benefits and ultimately was terminated by Defendant on May 31, 2009 in retaliation for pursuing workers' compensation benefits.

2) DEFENDANT:

Defendant neither harassed nor retaliated against Plaintiff because of a disability, his filing of a workers' compensation claim, or any other reason. Plaintiff first claimed an on-the-job injury (which he alleges occurred in June or July of 2007) in December of 2007, after Defendant denied his request for a raise. Plaintiff went off work to have surgery in early October of 2008. After going off work, Plaintiff did not contact Defendant until March 10, 2009, when he telephoned Defendant's office and stated his doctor had released him to return to work with NO restrictions. During this telephone conversation, one of Defendant's employees informed Plaintiff he needed to provide Defendant with his doctor's release. Plaintiff neither provided the release, nor otherwise contacted Defendant until March 17, 2009, when he appeared, unannounced, at Defendant's premises and demanded to be put back to work. As the individual responsible for personnel decisions was not on the premises at this time, Defendant's office manager informed Plaintiff she did not have the authority to make a decision about his employment. After Plaintiff angrily raised his voice toward the office manager, and demanded to be put back to work or released, the office manager stated she could only issue a release that said Plaintiff was discharged for abandoning his job, as Defendant's

policy is that three days of "no call/no show" constitutes voluntary termination.  Plaintiff then acted in an inappropriately hostile manner towards the office manager, causing her to fear for her safety and another employee was compelled to step between them.  Because Defendant's business had been adversely affected by this bad economy, it is very unlikely that it could have found sufficient work for Plaintiff on March 17, 2009, but this final incident (acting aggressively towards the office manager) effectively squashed any possibility of Plaintiff ever working for Defendant again.

Additionally, Defendant notes that Plaintiff is not disabled and that it did not, at any time, regard Plaintiff as being disabled nor did Plaintiff ever give Defendant notification of any disability. Plaintiff's workers' compensation case was based on a relatively minor arm injury, for which Plaintiff apparently has no residual impairment.  Further, Plaintiff performed his job from June of 2007, when he allegedly suffered the on-the-job injury to December of 2007, when he first reported the injury, without requesting or receiving any type of accommodation.  Plaintiff continued to work without requesting or receiving accommodation until he underwent surgery nearly 10 months later. Finally, after Plaintiff allegedly suffered his injury and before his surgery, Defendant observed Plaintiff doing things with his "injured" arm that are inconsistent with a disability, such as shooting a compound bow and arrow at Defendant's premises.  During this time, Defendant was also aware that Plaintiff participated in other activities that are inconsistent with a condition that limits a major life activity, such as maintaining a second job hanging garage doors and killing one or more deer with a compound bow.

    C.     ISSUES RESOLVED:  Jurisdiction and Venue;

    D.     ISSUES STILL IN DISPUTE: Liability and Damages.

    E.     INITIAL DISCLOSURES:  The parties shall exchange initial disclosures on or before June 20, 2011.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before February 24. 2012. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before August 8, 2011.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 3, 2011. The defendant shall identify and disclose all expert witnesses and reports on or before November 14, 2011.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before January 16, 2012.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before November 7, 2011.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before April 6, 2012. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to

conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

  M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3 days.

  It is so **ORDERED.**

                    _____
                     ALETA A. TRAUGER
                     U.S. District Judge

APPROVED FOR ENTRY:

LAW OFFICE OF DONALD D. ZUCCARELLO

/s/ Anne Hunter Williams
Donald D. Zuccarello, [BPR No. 90951]
Anne Hunter Williams, [BPR No. 022407]
3209 West End Ave.
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*

RUDY, WOOD & WINSTEAD

/s/ Christopher Cardwell with permission by Anne Hunter Williams
Christopher Cardwell, Esq. [BPR No. 19750]
Gullet, Sanford, Robinson & Martin, PLLC
315 Deaderick Street, Suite 1100
P.O. Box 1988888
Nashville, TN 37219
*Attorneys for Defendant*